ANDRES & BERGER, P.C.
264 Kings Highway East
Haddonfield, NJ    08033
(856) 795-1444
Attorneys for plaintiffs
MB 6260

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT A. MARTINO, general administrator and adminis-trator *ad prosequendum* of the estate of CATHRYN A. MARTINO, deceased, and ROBERT A. MARTINO, individually,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; JOHN DOE #1-15 (fictitious); JANE ROE #1-15 (fictitious); and JOHN DOE EMPLOYERS #1-15 (fic-titious), individually, joint-ly, severally, and/or in the alternative,<br><br>      Defendants. | : Civil Action no.<br>:<br>:      Civil Action<br>:<br>: COMPLAINT AND DEMAND<br>:  FOR TRIAL BY JURY<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

Plaintiff, Robert A. Martino, general administrator and administrator *ad prosequendum* of the estate of Cathryn A. Martino, deceased, and individually, residing at 320 East Oakbourne Avenue, Galloway, New Jersey, by way of Complaint against defendants, states as follows:

<u>JURISDICTION</u>

1.   At all times relevant hereto, plaintiff Robert A. Martino was the general administrator and administrator *ad prosequendum* of the estate of Cathryn A. Martino, deceased, the surviving spouse of decedent Cathryn A. Martino, and the father of Melissa Martino and Anthony Martino, the surviving children of decedent Cathryn A. Martino.

2.   At all times material to this Complaint, Southern Jersey Family Medical Centers, Inc. was a professional association with offices located at 932 South Main Street, Pleasantville, New Jersey, and 651 High Street, Burlington City, New Jersey, which employed Eileen E. Mullin CNM, Miriam Nnabuihe NP, and/or Ajoa O. Amankwaah D.O., and for whom said medical providers were acting as the agents, servants, and/or employees. Southern Jersey Family Medical Centers, Inc. is a federally-supported health facility and deemed community health center under the Federal Tort Claims Act.  The United States of America is therefore a defendant for the actions and/or inactions of Southern Jersey Family Medical Centers, Inc.

3.  At all times material to this Complaint, Eileen E. Mullin CNM was a certified nurse-midwife employed by Southern Jersey Family Centers, Inc., with offices located at 932 South Main Street, Pleasantville, New Jersey, and 651 High Street, Burlington City, New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Cathryn A. Martino.

4.  At all times material to this Complaint, Miriam Nnabuihe NP was a nurse practitioner employed by Southern Jersey Family Centers, Inc., with offices located at 932 South Main Street, Pleasantville, New Jersey, and 651 High Street, Burlington City, New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Cathryn A. Martino.

5.  At all times material to this Complaint, Ajoa O. Amankwaah D.O. was a physician employed by Southern Jersey Family Centers, Inc., with offices located at 932 South Main Street, Pleasantville, New Jersey, and 651 High Street, Burlington City, New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Cathryn A. Martino.

6.  At all times material to this Complaint, defendants John Does #1-15 (fictitious names) were health care professionals and/or other health care providers, however many in number, who

-3-

undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff's decedent.

7. At all times material to this Complaint, defendants Jane Roes #1-15 (fictitious names) were health care professionals and/or other health care providers, however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff's decedent.

8. At all times material to this Complaint, defendants John Doe Employers #1-15 (fictitious names) were corporations, partnerships, and/or sole proprietorships, however many in number, who were the employers of the individual defendants herein and/or for whom the individual defendants were acting as the agents, servants and/or employees.

9. On June 18, 2015, plaintiff's decedent died as a result of the failure to diagnose a malignant neoplasm of the vulva by the aforementioned defendants, which care and/or treatment failed to comply with applicable standards of care.

10. The defendants named herein failed to perform the appropriate and recommended tests to diagnose a malignant neoplasm of the vulva. As a result, defendants caused a delay in diagnosis of malignant neoplasm of the vulva. Defendants' delay in diagnosis was the cause of extensive medical treatment and ultimately the death of plaintiff's decedent.

11.   Jurisdiction is vested in the United States District Court for the District of New Jersey pursuant to the Federal Tort Claims Act, 28 U.S.C. Section 1346(b), 2671-2680, as the exclusive remedy for injuries and death caused by employees of a deemed community health center.  Southern Jersey Family Medical Centers, Inc. was deemed eligible for FTCA in 1996 and was eligible for FTCA coverage at the time of this incident. Jurisdiction is further vested because Eileen E. Mullin CNM, Miriam Nnabuihe NP, and/or Ajoa O. Amankwaah D.O., were employees of Southern Jersey Family Medical Centers, Inc. and therefore covered under the FTCA at the time of the care and treatment at issue.

<u>VENUE</u>

Venue is properly laid because the acts and omissions herein complained of occurred in this judicial district.

<u>FIRST COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   At the time and place aforesaid and at all times material hereto, Southern Jersey Family Medical Centers, Inc., Eileen E. Mullin CNM, Miriam Nnabuihe NP, and/or Ajoa O. Amankwaah D.O., defendants John Does #1-15 and/or Jane Roes #1-15 and/or John Doe Employers #1-15 and/or each of them, were acting

as the agents, servants, and/or employees of defendant United States of America.

2.   Defendant United States of America is liable for the acts and/or omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior* and/or was itself otherwise negligent.

WHEREFORE, plaintiff demands judgment against defendant United States of America for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>SECOND COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   Eileen E. Mullin CNM undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Cathryn A. Martino.

2.   At all times material hereto, Eileen E. Mullin CNM was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent and/or failed to inform plaintiff's decedent as to her condition and/or treatment options.

-6-

3.   As a direct and proximate result of the negligence of Eileen E. Mullin CNM as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to her death on June 18, 2015.

WHEREFORE, plaintiff demands judgment against defendant United States of America for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>THIRD COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   Miriam Nnabuihe NP undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Cathryn A. Martino.

2.   At all times material hereto, Miriam Nnabuihe NP was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent and/or failed to inform plaintiff's decedent as to her condition and/or treatment options.

3.   As a direct and proximate result of the negligence of Miriam Nnabuihe NP as hereinbefore set forth, plaintiff's

decedent was allowed to suffer permanent injuries leading to her death on June 18, 2015.

WHEREFORE, plaintiff demands judgment against defendant United States of America for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>FOURTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  Ajoa O. Amankwaah D.O. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Cathryn A. Martino.

2.  At all times material hereto, Ajoa O. Amankwaah D.O. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent and/or failed to inform plaintiff's decedent as to her condition and/or treatment options.

3.  As a direct and proximate result of the negligence of Ajoa O. Amankwaah D.O. as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to her death on June 18, 2015.

WHEREFORE, plaintiff demands judgment against defendant United States of America for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>FIFTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times material hereto, defendants John Does #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent.

2.  At the time and place aforesaid and at all times material hereto, defendants John Does #1-15 and/or each of them were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendants John Does #1-15 and/or each of them as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to her death on June 18, 2015.

WHEREFORE, plaintiff demands judgment against defendants John Does #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>SIXTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent.

2.  At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3.  As a direct and proximate result of the negligence of defendants Jane Roes #1-15 and/or each of them as hereinbefore set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to her death on June 18, 2015.

WHEREFORE, plaintiff demands judgment against defendants Jane Roes #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>SEVENTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.   At the time and place aforesaid and at all times material hereto, Eileen E. Mullin CNM, Miriam Nnabuihe NP, and/or Ajoa O. Amankwaah D.O., and/or defendants John Does #1-15 and/or Jane Roes #1-15 and/or each of them were acting as the agents, servants, and/or employees of defendants John Doe Employers #1-15 and/or each of them.

2.   Defendants John Doe Employers #1-15 are liable for the acts and/or omissions of their agents, servants, and/or employees under the doctrine of *respondeat superior* and/or were themselves otherwise negligent.

WHEREFORE, plaintiff demands judgment against defendants John Doe Employers #1-15, individually, jointly, severally,

and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>EIGHTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  At the time and place aforesaid and at all times material hereto, plaintiff Robert A. Martino, the husband of Cathryn A. Martino, and their children Melissa Martino and Anthony Martino, and entitled to Cathryn Martino's support, society, services, advice, counsel, guidance, and/or consortium.

2.  As a direct and proximate result of the negligence of defendants and/or each of them as hereinbefore set forth, plaintiff Robert A. Martino and his children Melissa Martino and Anthony Martino have been deprived of Cathryn Martino's support, society, services, advice, counsel, guidance, and/or consortium.

WHEREFORE, plaintiff demands judgment against defendants United States of America; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names); individually, jointly,

severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>NINTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

WHEREFORE, plaintiff demands judgment against defendants United States of America; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names); individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

ANDRES & BERGER, P.C.
Attorneys for plaintiff

By _____
MICHAEL S. BERGER

PLEASE TAKE NOTICE that plaintiff demands trial by jury as to all issues pursuant to F.R.C.P. 38.

ANDRES & BERGER, P.C.
Attorneys for plaintiff

By _____
MICHAEL S. BERGER

CERTIFICATION

In accordance with 28 U.S.C. §1746, the undersigned hereby certifies that there are no other proceedings either pending or contemplated, with respect to the matter in contro-versy and there are no additional known parties who should be joined to this action at this time.

ANDRES & BERGER, P.C.
Attorneys for plaintiff

By _____
MICHAEL S. BERGER

CERTIFICATION

In accordance with F.R.C.P. 11, the undersigned hereby certifies as follows:

1.  I have read the content of the above pleading.

2.  To the best of my knowledge, information, and/or belief, formed after reasonable inquiry, this pleading is well

-14-

grounded in fact and warranted by existing law or a good-fath argument for the extension, modification, or reversal of existing law.

3.  It is not intended for any improper purpose such as to harass or to cause unnecessary delay or cost to litigation.

ANDRES & BERGER, P.C.
Attorneys for plaintiffs

By_____
     MICHAEL S. BERGER

DATED: September 13, 2018

-15-

In re CATHRYN A. MARTINO, deceased

## AFFIDAVIT OF MERIT

STATE OF __NJ__ :
                     ss.
COUNTY OF __Essex__ :

       Kelly Calleros CNM WHNP BC, of full age, being duly sworn according to law, upon her oath, deposes and says:

       1.  I am a certified nurse/midwife in the State of __New Jersey__.

       2.  In my opinion, there exists a reasonable probability that the care, skill, and knowledge exercised by Eileen E. Mullin CNM and Southern Jersey Family Medical Centers fell outside of acceptable professional standards and practices in the diagnosis and/or treatment and/or care of Cathryn A. Martino, deceased.

       3.  I have no financial interest in the outcome of this litigation.

       4.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

                             Kelly Calleros

Sworn and subscribed to
before me this __7__
day of __June__, 2018.
_____

### NOTICE

     If any defendant contends that this Affidavit of Merit fails to completely satisfy the requirements of the Affidavit of Merit statute in any way, demand is hereby made that defendant immediately notify plaintiff of any such alleged deficiencies so that same may be corrected if necessary and within the time constraints of *N.J.S.A.* 2A:53A-26, *et seq.*

```
DONNA M PRYER
Notary Public
State Of New Jersey
My Commission Expires Nov. 9, 2021
```

In re CATHRYN A. MARTINO, deceased

### AFFIDAVIT OF MERIT

STATE OF _New Jersey_ :

                            ss.

COUNTY OF _Camden_ :

         Alan H. Goldberg, M.D., of full age, being duly sworn according to law, upon his oath, deposes and says:

         1. I am a licensed physician in the State of _Pennsylvania_ and have been board-certified and/or have practiced for at least five years in the field or specialty of _family medicine_

         2. In my opinion, there exists a reasonable probability that the care, skill, and knowledge exercised by Ajoa O. Amankwaah D.O. and Southern Jersey Family Medical Centers fell outside of acceptable professional standards and practices in the diagnosis and/or treatment and/or care of Cathryn A. Martino, deceased.

         3. I have no financial interest in the outcome of this litigation.

         4. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

                            _A.H. Goldberg MD_
                            Alan H. Goldberg, M.D.

Sworn and subscribed to
before me this _8th_
day of _June_, 2018.
_Michael S. Berger_
_Attorney at Law_
_State of New Jersey_

### NOTICE

     If any defendant contends that this Affidavit of Merit fails to completely satisfy the requirements of the Affidavit of Merit statute in any way, demand is hereby made that defendant immediately notify plaintiff of any such alleged deficiencies so that same may be corrected if necessary and within the time constraints of _N.J.S.A._ 2A:53A-26, _et seq._

In re CATHRYN A. MARTINO, deceased

AFFIDAVIT OF MERIT

STATE OF  _NEVADA_  :

                        ss.

COUNTY OF  _CLARK_  :

         Sally Miller NP, of full age, being duly sworn according to law, upon her oath, deposes and says:

         1.  I am a licensed nurse practitioner in the State of _Nevada_ and have been board-certified and/or have practiced for at least five years in the field or specialty of _Family Practice_.

         2.  In my opinion, there exists a reasonable probability that the care, skill, and knowledge exercised by Miriam Nnabuihe NP, and Southern Jersey Family Medical Centers fell outside of acceptable professional standards and practices in the diagnosis and/or treatment and/or care of Cathryn A. Martino, deceased.

         3.  I have no financial interest in the outcome of this litigation.

         4.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

                                   _Sally Miller NP_
                                     Sally Miller NP

Sworn and subscribed to
before me this 29th
day of _August_, 2016.

_Maria Lorenzo_

MARIA LORENZO
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 04-27-2020
Certificate No: 99-57380-1

NOTICE

     If any defendant contends that this Affidavit of Merit fails to completely satisfy the requirements of the Affidavit of Merit statute in any way, demand is hereby made that defendant immediately notify plaintiff of any such alleged deficiencies so that same may be corrected if necessary and within the time constraints of _N.J.S.A._ 2A:53A-26, et seq.